**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Allen Charron Williams, Jr., Appellant.

Appellate Case No. 2019-000123

———————————

Appeal From Cherokee County
R. Keith Kelly, Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-204
Submitted May 1, 2021 – Filed June 9, 2021

———————————

**AFFIRMED**

———————————

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Allen Charron Williams, Jr. appeals his convictions and sentences of twenty years' imprisonment for assault and battery of a high and aggravated nature, two consecutive sentences of five years' imprisonment for two counts of first-degree assault and battery, and a concurrent sentence of five years'

imprisonment for possession of a weapon during the commission of a violent crime.  On appeal, Williams argues the circuit court erred by denying his directed verdict motion when the State failed to introduce substantial circumstantial evidence showing he was the shooter.  We find this issue is not preserved for appellate review because Williams raises a different argument on appeal than the argument he raised to the circuit court.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *id.* ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.